FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
9/28/2023 3:51 PM
JAMIE SMITH
DISTRICT CLERK
23DCCV1453

CAUSE NO: _____

| | | |
|---|---|---|
| CURTIS GUILLORY | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | JEFFERSON COUNTY, TEXAS |
| | § | |
| ROSS STORES, INC. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW CURTIS GUILLORY, hereinafter styled Plaintiff, complaining of ROSS STORES, INC., hereinafter styled Defendant, and for cause of action against said Defendant would respectfully show the Court as follows:

I.

Plaintiff designates that discovery in this cause of action shall be governed by Rule 190 of the Texas Rules of Civil Procedure, Level Two (2).

II.

Pursuant to Rule 47, Plaintiff CURTIS GUILLORY, seeks monetary relief in an amount over $250,000 but not more than $1,000,000.

III.

Plaintiff currently resides in China, Jefferson County, Texas. Pursuant to CPRC § 30.014(2), the last three numbers of Plaintiff's social security number are 467.

IV.

Defendant, ROSS STORES, INC., is a corporation, company, partnership, proprietorship or some such business entity. That said Defendant does business in the State of Texas and from time to time within the jurisdiction of this Honorable Court; that said Defendant may be served

with process by serving its agent for service, C. T. Corporation System, 350 N. St. Paul Street, Ste. 2900, Dallas, Texas 75201-4234.

**SERVICE IS REQUESTED AT THIS TIME.**

Plaintiff invokes Rule 28 of the Texas Rules of Civil Procedure, as appropriate.

V.

On or about January 04, 2022, in Beaumont, Jefferson County, Texas, Plaintiff CURTIS GUILLORY was a customer at Defendant, ROSS STORES, INC., located at 4019 Dowlen Road, when he was injured by spacing dividers on a rack as he was attempting to retrieve a hanging rug. There were no signs to warn of the dangerous condition. This situation resulted in the injuries and damages complained of herein.

VI.

On the occasion in question the Defendant was guilty of various acts, wrongs and omissions. Each and all constituted negligence and such negligence was a proximate cause of the injuries and damages of which Plaintiff complains.

Plaintiff would show that the Defendant owed a duty to the general public, including Plaintiff, to use ordinary care, including the duty to protect and safeguard Plaintiff from unreasonably dangerous conditions on the premises or to warn of their existence.

Because Plaintiff was an invitee at the time of the injury, the Defendant owed him a duty to exercise ordinary care to keep the premises in a reasonably safe condition, inspect the premises to discover latent defects, and to make safe any defects or give an adequate warning of any dangers. Defendant's conduct and that of their agents, servants and employees, acting within the scope of their employment, constituted a breach of the duty of ordinary care owed by Defendant to Plaintiff.

The Defendant knew or should have known, the unsafe conditions in its retail area created an unreasonable risk of harm to invitees, in that Defendant knew or should have known of the danger of customers being injured by the rack. Defendant failed to exercise ordinary care to reduce or eliminate this risk, or warn invitees regarding such risk. Each of these acts and omissions, whether taken singularly or in any combination, was a proximate cause of Plaintiff's injuries and damages as described below.

## VII.

As a direct and proximate result of the negligence and carelessness of the Defendant, Plaintiff CURTIS GUILLORY has suffered with severe pain and injury to his head and neck. Plaintiff was diagnosed as having multiple disc herniations, with muscle spasms, muscle guarding, restricted range of motion, and soreness to his body in general. That because of such injuries he has suffered the following:

    A.    Reasonable and necessary medical expense – past

    B.    Reasonable and necessary medical expense – future

    C.    Loss of earnings and earning capacity – past

    D.    Loss of earning capacity – future

    E.    Physical impairment – past

    F.    Physical impairment - future

    G.    Physical pain – past

    H.    Physical pain – future

    I.    Mental anguish – past

    J.    Mental anguish – future

In this connection, Plaintiff would show the Court that the damages sought are within the jurisdictional limits of this Honorable Court, for which he sues the Defendant herein.

VIII.

Pursuant to Texas Rule of Civil Procedure 194(a), each Defendant is required to disclose within thirty (30) days of the first answer, the information or material described in Rule 194.2(b) 1-12. Any Defendant that is served or otherwise joined after the filing of the first answer must make their initial disclosures within thirty (30) days after being served or joined.

IX.

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives actual notice to Defendant that any and all documents produced by Defendant may be used against Defendant at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

X.

Plaintiff says if in the event he had pre-existing conditions in his body prior to this incident, that such conditions were painless and symptom-free, but because of the injuries suffered in this collision such conditions were lighted up, aggravated and precipitated.

WHEREFORE, premises considered, Plaintiff prays that the Defendant be cited to appear and answer herein; that upon a trial of this cause that Plaintiff has and recovers of and from the Defendant's judgment for the damages as may be deemed just and fair by the Court; that he has such judgment, together with all legal interest, including pre-judgment interest, costs of suit and for such other relief to which Plaintiff may be justly entitled.

        Respectfully submitted,


BY   */s/JONATHAN C. JUHAN*
     JONATHAN C. JUHAN
     SBN: 11047225
     jonathanjuhan@sbcglobal.net
     Tracy L. Henderson
     SBN: 24103115
     tracy.juhanlaw@gmail.com
     Attorneys for Plaintiff
     985 I-10 N., Ste. 100
     Beaumont, Texas 77706
     409/832-8877 TELEPHONE
     409/924-8880  FACSIMILE

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Nita Walden on behalf of Jonathan Juhan
Bar No. 11047225
nwalden.juhanlaw@ymail.com
Envelope ID: 80061368
Filing Code Description: Petition
Filing Description: PLAINTIFF'S ORIGINAL PETITION
Status as of 9/28/2023 4:12 PM CST

Associated Case Party: CURTISGUILLORY

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Nita Walden | | nwalden.juhanlaw@ymail.com | 9/28/2023 3:51:00 PM | SENT |
| Jonathan C. Juhan | | jonathanjuhan@sbcglobal.net | 9/28/2023 3:51:00 PM | SENT |
| Tracy L. Henderson | | tracy.juhanlaw@gmail.com | 9/28/2023 3:51:00 PM | SENT |